**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**RANDY FOX,**

    **Plaintiff,**

vs.                                         **Case No. 4:23-cv-00441-MW-MAF**

**ASST. WARDEN STANFORD,**
**et al.,**

    **Defendants.**
_____/

**ORDER AND REPORT AND RECOMMENDATION**

    Pending before the Court is Plaintiff's motion for injunctive relief and declaration in support seeking a protective transfer to a faith-based prison or other protective management unit along with a Report recommending the denial of this motion. ECF Nos. 14, 15, 16. The pending Report on the motion is due to be vacated. ECF No. 16. Still, it remains that Plaintiff's motion for injunctive relief, ECF No. 14, should be denied. A brief discussion of the litigation history of this case is warranted.

**I.    Litigation History**

    Plaintiff filed an amended complaint, ECF No. 7, alleging prison officials ignored his request for a protective transfer. ECF No. 7. The

undersigned recommended the case be dismissed as malicious because Plaintiff misrepresented his litigation history. ECF No. 13.

Next, Plaintiff filed the instant motion for injunctive relief (ECF No. 14). The undersigned issued a second report recommending the motion should be denied because (1) the first report recommending dismissal remained pending and (2) Plaintiff did not meet the requirements for injunctive relief. ECF No. 16. Plaintiff then filed objections to the first report, which recommended the case be dismissed. ECF No. 17. The district judge accepted Plaintiff's objections, rejected the Report, and remanded the case to the undersigned. ECF No. 18. Finally, the undersigned issued a third Report upon screening Plaintiff's amended complaint. ECF No. 19. The undersigned again recommended dismissal because Plaintiff fails to state a claim. Id. This remains pending.

Plaintiff did not object to the second report addressing the motion for injunctive relief. Although it is proper to vacate the second report, it still remains that Plaintiff's motion for injunctive relief should be denied for the reasons stated.

## II. Plaintiff's Motion for Injunctive Relief and Declaration in Support, ECF Nos. 14, 15.

Plaintiff was transferred from Liberty Correctional Institution (C.I.) to Century C.I. ECF No. 14, p. 1. Plaintiff restates his claims and explains that

he was assaulted and injured by a gang-member inmate and is at risk for continued assaults because there is a "contract hit on him." Id., pp. 1-3. Plaintiff claims there is a threat of irreparable harm and that he does not have to wait until an assault has occurred before obtaining injunctive relief. Id. pp. 3-4. Plaintiff asks the Court to order his transfer to "Wakulla Faith Base Prison," an incentivized prison, or other permanent protection management unit. Id., pp. 1, 4; ECF No. 15, pp. 1, 3.

### III. Preliminary Injunction Standard

In order for Plaintiff to be entitled to a preliminary injunction, he must show: (1) a substantial likelihood of success on the merits; (2) that the order is necessary to prevent irreparable injury; (3) that the threatened injury outweighs the harm that the order would cause to the non-movant; and (4) that the order would not be adverse to the public interest. DeYoung v. Owens, 646 F.3d 1319, 1324 (11th Cir. 2011). A preliminary injunction is considered an extraordinary and drastic remedy and, as such, is not granted unless Plaintiff can clearly satisfy the burden of persuasion as to each of the four prerequisites. Id. Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court. LSSi Data Corp. v. Comcast Phone, LLC, 696 F.3d 1114, 1119 (11th Cir. 2012).

The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit can be reviewed. <u>All Care Nursing Service v. Bethesda Memorial Hosp</u>., 887 F.2d 1535, 1537 (11th Cir. 1989). Therefore, the relief sought in the motion must be closely related to the conduct. The persons from whom the injunctive relief is sought must be a party to the underlying action. See <u>In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Laboratories</u>, 72 F.3d 842 (11th Cir. 1995). A showing of irreparable harm is "the sine qua non of injunctive relief." <u>Northeastern Florida Chapter of Ass'n of Gen. Contractors of Amer. V. City of Jacksonville</u>, 896 F.2d 1283, 1285 (11th Cir. 1990).

## IV. Discussion

Plaintiff has not met his burden of persuasion on the requirements for obtaining injunctive relief. First, no defendant has been served in this case, and discovery has not yet commenced. Plaintiff, essentially, seeks a temporary restraining order without notice to Defendants. Pursuant to Fed. R. Civ. P. 65(b)(1):

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney ***only if***:
>
> (A) Specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

>   (B) The movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

(Emphasis added).

Plaintiff is not represented by counsel and does not meet his burden that he will suffer immediate *and* irreparable injury before Defendants can be heard in this case. At this early juncture the record only contains Plaintiff's unsubstantiated allegations, which standing alone cannot meet the hurdle of showing a likelihood of success on the merits.

Second, the relief Plaintiff seeks is unavailable. It is well settled that federal courts should refrain from unwarranted interference in the day-to-day operations of prisons. Bell v. Wolfish, 441 U.S. 520, 547 (1979). "[C]ourts are ill-equipped to deal with" the complexities of prison administration. Lawson v. Singletary, 85 F.3d 502, 510 (11th Cir. 1996). Inmates have no constitutional right against being transferred to another institution, no right to incarceration in a prison of their choice, and are not entitled to any prisoner- or status classification. Smith v. Crews, 738 F. App'x 981, 984 (11th Cir. 2018) citing Meachum v. Fano, 427 U.S. 215, 223-24 (1976); Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Moody v. Daggett, 429 U.S. 78, 88 (1976). In essence, granting the relief requested by Plaintiff would provide an inmate with the means within which to dictate prison housing

assignments. Prison assignments are a function wholly within the discretion of prison authorities. <u>Olim</u>, 461 U.S. at 245.

## V. Conclusion and Recommendation

1. The pending Report, ECF No. 16, is **<u>VACATED</u>**.

2. The Clerk shall **<u>VACATE</u>** ECF No. 16.

3. For the reasons stated above, it is respectfully **RECOMMENDED** that Plaintiff's motion for injunctive relief, ECF No. 14, be **DENIED**. Plaintiff is not entitled to a prison transfer as a matter of law.

IN CHAMBERS at Tallahassee, Florida, on December 28, 2023.

s/ Martin A. Fitzpatrick<br>
**MARTIN A. FITZPATRICK**<br>
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).